IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JOSEPH LEE MARQUIS, | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | 7 : 04-CV-140 (HL) |
| OFFICER HUGHES, | : | |
| Defendant. | : | |

**RECOMMENDATION**

By order of the court dated March 9, 2005, certain of plaintiff's claims were allowed to proceed against defendant Officer Hughes. By order dated August 4, 2005, the court ordered the plaintiff to provide the court with a current address, and full name if possible, for defendant Hughes, inasmuch as no response has been received following issuance of Waiver of Service of Process forms for Hughes. The plaintiff was allowed thirty (30) days, or until September 6, 2005, in which to respond to the court's August 4, 2005, directives. As of October 27, 2005, the plaintiff has not filed a response to the court's directives.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District

Courts." <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 630 (1962).

A review of this action reveals a clear record of delay or willful contempt on the part of the plaintiff.  The plaintiff has taken no meaningful steps to prosecute his case since filing an objection to an earlier recommendation in April 2005, despite being specifically advised by this court that he had a duty to diligently prosecute his lawsuit.  The plaintiff has had more than adequate time to pursue his claims against the defendant but he has failed to do so.   The court finds that lesser sanctions will not suffice herein.

The court notes as well that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time".  "Under Rule 4[(m)], dismissal is mandatory if service is not perfected within 120 days of filing the complaint unless good cause is shown."  <u>Schnabel v. Wells</u>, 922 F.2d 726, 728 (11th Cir. 1991).

Inasmuch as the plaintiff has failed to provide the court with adequate information to allow service on the defendant pursuant to the dictates of Rule 4 (m), and moreover has failed to diligently prosecute this lawsuit, it is the recommendation of the undersigned that this action be **DISMISSED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 28th day of October, 2005.

                                        /s/ ***Richard L. Hodge***
                                        RICHARD L. HODGE
                                        UNITED STATES MAGISTRATE JUDGE

asb